**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1172
_____

TEAMSTERS LOCAL UNION NO 107

v.

MADISON CONCRETE CONSTRUCTION,
Appellant

v.

ANTHONY SGRILLO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:22-cv-03721)
District Judge: Honorable John R. Padova
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 11, 2026
_____

Before: SHWARTZ, MASCOTT, and McKEE, <u>Circuit Judges</u>.

(Filed: May 27, 2026)
_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Madison Concrete Construction appeals the District Court's order denying its motion to vacate an arbitration award. Because the order is not a final decision, this Court lacks appellate jurisdiction, so we will dismiss the appeal.

I

A

Anthony Sgrillo worked for Madison and was provided with a company truck and a credit card for gas. Madison contends that Sgrillo was authorized to use the credit card only when using the company vehicle, but Sgrillo claimed he could use the card to fuel his personal vehicle for commuting. When Madison learned that Sgrillo charged more than $15,000 to the card, it fired him.

Sgrillo filed a grievance for unjust discharge pursuant to the collective bargaining agreement ("CBA") between Teamsters Local Union No. 107 and Madison. At the hearing before the Grievance Committee, the Union raised a "point of order" that Madison had not provided Sgrillo written notice of his discharge as required by the CBA. App. 122. The Committee asked James Dolente, Madison's president, to present Madison's position, and he responded that he was unaware of the process and stated that Madison would not reinstate Sgrillo. The Committee then privately considered the point of order. Thereafter, the Committee advised Dolente that the hearing "may not go well for Madison" and suggested attempting settlement. App. 116. Dolente then left the hearing. The hearing resumed without Dolente, and the Committee upheld the Union's

2

point of order and awarded Sgrillo reinstatement with back pay and benefits (the "Award").

Later that day, Dolente sent the Union a letter stating that Sgrillo had been terminated for just cause and asking that it forward the letter to Sgrillo.

B

The Union filed a complaint in the District Court seeking to enforce the Award under the Labor-Management Relations Act ("LMRA"), see 29 U.S.C. § 185(a). Madison moved to vacate the Award under the Federal Arbitration Act ("FAA"), see 9 U.S.C. § 10, and thereafter filed an answer asserting affirmative defenses and a third-party complaint against Sgrillo.

The District Court denied Madison's motion to vacate, and the Union thereafter moved for summary judgment. Four days later, Madison appealed the order denying its motion to vacate. Madison also moved for relief under Federal Rule of Civil Procedure 60(b), requesting vacatur of the order based on newly disclosed email communications.

Because Madison appealed a prejudgment order, we directed the parties, and appointed an amicus counsel, to address whether we have jurisdiction.

II[1]

We have "an independent duty to satisfy ourselves of our appellate jurisdiction regardless of the parties' positions." Bedrosian v. U.S., Dep't of the Treasury, Internal

---

[1] The District Court had jurisdiction under 29 U.S.C. § 185(c).

Revenue Serv., 912 F.3d 144, 149 (3d Cir. 2018) (quoting Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 269 (3d Cir. 2013)).  Madison asserts that we have appellate jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(3) and (a)(1).  None provides jurisdiction here.

Under 28 U.S.C. § 1291, we have jurisdiction to review "all final decisions of the district courts of the United States."  Under 9 U.S.C. § 16(a)(3), we have jurisdiction to decide an appeal of "a final decision with respect to an arbitration that is subject to this title."  See George v. Rushmore Serv. Ctr., LLC, 114 F.4th 226, 234 (3d Cir. 2024) (characterizing § 16(a)(3) as jurisdiction-conferring).  Under both statutes, "[a] final decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela, 24 F.4th 242, 249 (3d Cir. 2022) (quoting Hall v. Hall, 584 U.S. 59, 64 (2018)) (interpreting § 1291); see Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 86 (2000) (interpreting § 16(a)(3)).

The order on appeal does not fit that description.  The District Court's order denying Madison's motion to vacate, did not end the litigation on the merits.  Among other things, there is an unresolved summary judgment motion concerning Madison's affirmative defenses, which, if successful, would prohibit enforcing the Award.  Thus, the outcome of the pending summary judgment motion will determine this case's merits.  In addition, Madison's third-party complaint against Sgrillo is pending.  See Aluminum Co. of Am. v. Beazer E., Inc., 124 F.3d 551, 557 (3d Cir. 1997) (holding that "there is no

4

final order" under § 1291 "if claims remain unresolved and their resolution is to occur in the district court," regardless of whether "the unresolved claim was asserted in the plaintiff's complaint, or was pleaded as a counterclaim or a cross-claim" (citations omitted)). Accordingly, the appealed order is not final.

Madison's reliance on <u>George</u> is misplaced. 114 F.4th 226. In <u>George</u>, we exercised appellate jurisdiction under § 1291 over an order denying a motion to vacate an arbitration award. <u>Id.</u> at 233. Because no pending motions remained and the time to file a motion to confirm the arbitration award had expired, the order denying vacatur was final because it "'terminate[d] the litigation . . . on the merits' and left [the district court] nothing to do but 'enforce by execution what has been determined.'" <u>Id.</u> (first alteration in original) (quoting <u>Robinson v. Hartzell Propeller, Inc.</u>, 454 F.3d 163, 168 (3d Cir. 2006); <u>Id.</u> at 233 n.9 (acknowledging that the defendant's ability to file a timely motion to confirm could have affected finality). Thus, although the district court had "neither confirmed the arbitration award nor entered judgment for [the defendant]," there was nothing for the district court to do but to enter judgment confirming the award. <u>Id.</u> at 233. Here, by contrast, a motion and third-party claim remain pending, and their resolution could result in something other than confirmation and enforcement of the Award. Because the District Court's work is not done, we lack jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(3).

We also lack jurisdiction under 9 U.S.C. § 16(a)(1)(D) and (E), which provide us jurisdiction over orders "confirming or denying confirmation of an award or partial

5

award" or "modifying, correcting, or vacating an award."  The Order here did none of those things, and the summary judgment motion seeking confirmation of the Award remains pending.  Accordingly, neither § 16(a)(1)(D) nor (E) provides us jurisdiction to review the Order.

## III

For the foregoing reasons, we will dismiss this appeal.